UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELINA M. BRADSHAW,

        Plaintiff,

v.

        CASE NO. 2:12-cv-12609

COMMISSIONER OF SOCIAL
SECURITY,

        HON. MARIANNE O. BATTANI

        Defendant.
_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

This matter is before the Court on Plaintiff Angelina Bradshaw's Objections to the Magistrate Judge's Report and Recommendation. (Doc. 20). Bradshaw filed for Disability Insurance Benefits and Supplemental Security Income on March 5, 2008. After an administrative hearing was held, the Administrative Law Judge ("ALJ") found Bradshaw not disabled and denied benefits. The Appeals Council denied review.

Bradshaw then filed for review in district court. Upon cross-motions for summary judgment, Magistrate Judge Steven Whalen issued a Report and Recommendation ("R&R") affirming the denial of benefits. Bradshaw timely filed objections to the R&R, arguing that the hypothetical question posed to the Vocational Expert ("VE") failed to account for her moderate limitations in public interation and that the Magistrate Judge improperly found that she suffered no limitations as a result of moderate difficulties in concentration, persistence, or pace. For the reasons stated below, the Court

**OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation, **GRANTS** Defendant's motion for summary judgment, and **DENIES** Plaintiff's motion for summary judgment.

## I. STATEMENT OF FACTS

As the parties have not objected to the Magistrate Judge's recitation of the administrative record, the Court adopts that portion of the R&R as if fully set forth herein. See (Doc. 20 at 2-11).

## II. STANDARD OF REVIEW

### A. Objections to Magistrate Judge's Report and Recommendation

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B. Commissioner's Disability Determination

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v.

Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can find either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Id. When the Appeals Council declines to review the Administrative Law Judge's ("ALJ") decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that the reviewing court discuss every piece of evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006). Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence. Brainard, 889 F.2d at 681. The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

## III.  ANALYSIS

### A.  Framework for Disability Determination

In order to qualify as "disabled" under the Social Security Act, a claimant must be "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In a step-by-step sequential process, the Commissioner considers whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether she can perform other work in the national economy.  20 C.F.R. § 416.920(a).  Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five.  Richardson v. Sec. of HHS, 735 F.2d 962, 964 (6th Cir. 1984).

### B.  Plaintiff's Objections

#### 1.  Social Functioning

Bradshaw's first objection is that the Magistrate Judge failed to find error in the ALJ's failure include the mild limitations on her ability to interact with the general public in the hypothetical question posed to the VE.  Dr. Balunas, a non-treating physician, concluded that Bradshaw had moderate limitations with social functioning based on Bradshaw's own statements that she finds it difficult to be around people.  (A.R. 19).

However, the ALJ found that Bradshaw suffered from only mild deficiencies in social functioning because the evidence indicated that she was "able to care for her children, grocery shop, go to church, and attend medical appointments." (Id.); see also (A.R. 269) (Dr. Matouk noting that Bradshaw told her she has "a few social relationships besides going to the grocery store and going to church"). The ALJ further noted that these activities involve frequent interaction with the general public. However, Bradshaw does not dispute the severity of her limitations, only that her mild limitations should have been accounted for in the hypothetical question.

At step two of the evaluation process, the ALJ is required to determine the severity of the claimant's impairments. An impairment rated "none" or "mild" is "'not severe' unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 416.920a(d)(1). "An impairment . . . is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work functions." 20 C.F.R. § 404.1521(a). Consequently, non-severe impairments cannot serve as the basis for a finding of disability absent other indices and need not be included in the hypothetical question. See Merkel v. Comm'r of Soc. Sec., Case No. 07-11171, 2008 WL 2951276 *10 (E.D. Mich. July 29, 2008). Here, Bradshaw asserts no other basis for including her mild limitations in social functioning in the hypothetical question and her first objection is without merit.

        2.      <u>Moderate Deficiencies in Concentration, Persistence, or Pace</u>

Bradshaw's second objection consists of two parts. Bradshaw first asserts that the ALJ's Residual Functional Capacity ("RFC") presented in the hypothetical question

5

limiting her to "simple unskilled tasks" fails to account for her moderate deficiencies in concentration, persistence, or pace ("CPP"). Second, the ALJ concluded and the Magistrate Judge agreed, that Bradshaw suffered no significant limitations arising therefrom because Bradshaw completed (albeit with a failing grade) several online courses. Indeed, the Magistrate Judge noted that "Plaintiff's ability to see the online courses to completion is instructive of an ability to concentrate even though she did not pass her courses." (Doc. 20 at 15). Bradshaw asserts this evidence does not support the ALJ's conclusion that she possesses adequate memory, judgment, and concentration.

At Step 3 of the sequential analysis, the ALJ found that Bradshaw suffered from moderate deficiencies in CPP, but concluded that "psychiatric evaluations indicate that claimant exhibits intact memory, adequate judgment, and adequate concentration." (A.R. 19). Essentially, the ALJ found no actual limitations arising from the condition. Bradshaw argues this conclusion is unsupported by the evidence in the record.

Standing alone, completion of online classes with a failing grade does not demonstrate an exceptional ability to concentrate for sustained periods of time. However, the ALJ's finding that Bradshaw suffered moderate limitations in CPP is supported by substantial evidence. The ALJ noted that Bradshaw indicated that she performed "well in school and has no difficulty reading or writing." (A.R. 19). In addition, several psychiatric evaluations demonstrated that Bradshaw possessed adequate concentration, memory, and judgment. The report from The Common Ground Sanctuary indicated that Bradshaw was "alert, oriented, and goal-directed." (A.R. 233). In another evaluation, Dr. Matouk noted "unremarkable mental capacities and intact

reality and cognitive function." (A.R. 270). Likewise, the evaluation from Easter Seals indicated Bradshaw had fair memory and average intellectual function. (A.R. 293). Consequently, the ALJ's conclusion, based on all of the record evidence, that Bradshaw possessed "intact memory, adequate judgment, and adequate concentration" is supported by substantial evidence. (A.R. 19).

Regarding whether limiting Bradshaw to performing "simple unskilled tasks" in the hypothetical adequately accounted for the moderate deficiencies in CPP, there is no bright-line rule that such a limitation is insufficient. See Taylor v. Comm'r of Soc. Sec., 2011 WL 268682 *7 (E.D. Mich. May 17, 2011). Rather, the court must look to the entire record. See Hess v. Comm'r of Soc. Sec., 2008 WL 2478325 *7 (E.D. Mich. June 16, 2008) ("However, the record *as a whole* indicates that the hypothetical question and the ALJ's finding of 'moderate' limitations findings are not incompatible.") (emphasis added).

Here, the ALJ found no significant limitations arising from Bradshaw's moderate deficiencies in CPP, citing several psychiatric evaluations. The ALJ concluded that Bradshaw could perform simple unskilled work despite her concentration problems. Viewing the record as a whole, the ALJ's hypothetical question limiting Bradshaw to "simple unskilled tasks" adequately accounts for her deficiencies and is supported by substantial evidence.

### IV. CONCLUSION

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation, **GRANTS** Defendant's motion for summary judgment, and **DENIES** Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATE: July 17, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all counsel of record via the Court's ECF Filing System.

                                        s/Bernadette M. Thebolt
                                        Case Manager